UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KATHY J. BOND and MARC FLICKINGER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:04-CV-299 ) (GUYTON) |
| RICHARD L. RIST, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

This personal injury case arises from the collision of two boats on Norris Lake on July 20, 2003. The plaintiffs, Kathy J. Bond ("Bond") and Marc J. Flickinger ("Flickinger") allege that the defendant, Richard L. Rist ("Rist"), negligently drove his boat into the side of the boat being operated by Bond. [Doc. 1]. Rist admits that the bow of his boat struck the right side of Bond's boat, at the spot in front of Bond's steering wheel, but he asserts that the cause of the collision was Bond's negligence of running her boat in front of his. [Doc. 14].

The parties agree that this Court has subject matter jurisdiction of this dispute. [Doc. 9]. The parties also have consented to magistrate judge jurisdiction, and specifically, the undersigned, for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c). [Doc. 6].

This matter is presently before the Court on defendant's Motion For Summary Judgment. [Doc. 13]. The Court heard oral argument of the parties on May 5, 2005. After carefully considering the entire record, the Court concludes that summary judgment in favor of Rist is not

appropriate. Therefore, for the reasons set forth herein, the Court will **DENY** defendant's Motion For Summary Judgment. [Doc. 13].

II.     RELEVANT FACTS

The boating accident giving rise to the Complaint in this case occurred on July 20, 2003, on Norris Lake in Anderson County, Tennessee. The weather was pretty, sunny, and bright. Bond was operating her boat and Flickinger was following her on a personal watercraft.

Bond testified in her deposition that she first saw Rist's boat off to her right, about 200-300 yards away. She further testified that she did not see Rist's boat again until the collision occurred. Likewise, based on his deposition testimony, it appears that Rist did not see Bond's boat until the moment of the collision.

Mike Hueser ("Hueser"), a witness to the collision, was boating nearby. Hueser testified by Declaration that he saw Bond's boat and Rist's boat going in the same direction, somewhat like two cars traveling in the same direction in parallel lanes of a four lane highway, with Bond's boat to the left of Rist's boat. According to Hueser, as the two boats drew close beside each other, the Rist boat made a left turn, striking the Bond boat on the right side.

Rist, on the other hand, testified that the Bond boat ran in front of his boat, resulting in the bow of his boat striking the right side of the Bond boat. Both sides agree that the impact was the bow of the Rist boat striking the right side of the Bond boat. The parties also agree that the Rist boat was on the right side of the Bond boat at all times prior to the collision.

2

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 330 n.2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

Once the moving party presents evidence sufficient to carry its burden under Rule 56, the non-moving party may not rest upon its pleadings, but must affirmatively set forth, by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). An entry of summary judgment is mandated if, "after adequate time for discovery and upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the evidence, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

## IV.     ANALYSIS AND RULING

The parties agree that Norris Lake is a non-navigable waterway within the meaning of federal admiralty laws, and therefore, the Regulations published by the Tennessee Wildlife Resources Agency apply. [Docs. 14, 16]. The parties further agree that the controlling negligence law is the Tennessee law of modified comparative negligence as established in McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992) [Id.].

Rist asserts that the record in this case conclusively establishes two dispositive facts: (1) that Bond's boat was at all times to the left of the Rist boat; and (2) that Bond's boat was performing either a "crossing situation" or an "overtaking situation" immediately prior to the collision. In either situation, Rist argues, it was the duty of Bond, the boater on the left, to keep out of the way of the Rist boat. Rist concedes that under either situation, "crossing" or "overtaking", it was his duty to "hold his course and speed." [Doc. 14].

Bond asserts that the record contains evidence, specifically, the testimony of Hueser, that Rist, in fact, did not hold his course and speed, but instead made a left turn into Bond's boat. Therefore, Bond argues, that even if she was "overtaking" Rist or "crossing" Rist (which apparently she denies), the cause of the collision was Rist's breach of duty by making a left turn into her boat.

The Court must conclude that there is adequate evidence in the current record to preclude a finding, as a matter of law, that Rist did not cause or contribute to the collision, or in the alternative, that at least 50 percent of the negligence in this case was that of Bond.

4

Case 3:04-cv-00299   Document 22   Filed 05/10/05   Page 4 of 5   PageID #: 22

**V.     CONCLUSION**

For the reasons set forth above, and based upon the entire record in this case, defendant's Motion For Summary Judgment will be **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

    s/ H. Bruce Guyton    
United States Magistrate Judge

5